UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| GUILLERMO RIVERA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:11-cv-142-JMS-DKL |
| | ) | |
| WARDEN LOCKETT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Dismissing Insufficient Claims
and Directing Further Proceedings**

**I.**

Plaintiff Guillermo Rivera alleges that while housed at the Federal Correctional Complex in Terre Haute, Indiana his civil rights were violated. According to the complaint, Senior Special Housing Unit Officer Cox slammed the food trap door, pinning Rivera's right hand and causing obvious physical injury. Rivera's hand was never treated. In April of 2010, Rivera contacted the FBI and the United States Attorney General by mail about the assault and battery inflicted on him at the hands of Officer Cox. After mailing these letters, Warden Marberry authorized Assistant Warden Church to harass Rivera in retaliation for contacting the FBI and the Attorney General. Rivera was placed in Special Housing, where he was been threatened, searched, and groped by BOP employees in front of other inmates. Defendants Warden Church and Captain Joiner personally participated in this retaliation. The successor to Warden Marberry, Warden Lockett, continued to condone the retaliation and subjected Rivera to unconstitutional conditions of confinement. Rivera seeks money damages.

## II.

### A.

Rivera's filing of June 3, 2011, is treated as a supplemental complaint.[1]

The complaint, as supplemented, is subject to screening pursuant to 28 U.S.C. ' 1915A. Pursuant to §1915A(b), "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). In applying this standard, "[a] complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). AA claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

"Relief from misconduct by federal agents may be obtained either by a suit against the agent for a constitutional tort under the theory set forth in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), or by a suit against the United States under the Federal Tort Claims Act [FTCA] . . . which permits claims based upon misconduct which is tortious under state law.  28 U.S.C. '' 1346(6), 2680." *Sisk v. United States,* 756 F.2d 497, 500 n.4 (7th Cir. 1985). Rivera has chosen the *Bivens* route. A *Bivens* action is necessarily brought against individuals in their individual capacity only. *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-85 (1994).

### B.

Applying the standard set forth above, certain claims may proceed while other claims must be dismissed.

- Claims against the BOP are dismissed because the BOP is not a proper defendant in a *Bivens* action. *King v. Federal Bureau of Prisons*, 415 F.3d 634, 636 (7th Cir. 2005).

- The claims asserted against LT. Peters, C.O. Penman, Lt. Raney, and Officer Cox (corridor), are dismissed because these defendants are not

---

[1]  Rivera incorrectly labeled this filing as the "amended complaint."  But an amended complaint would completely replace and supersede the original complaint. The June 3, 2011, submission was clearly intended to be a supplement to the complaint and is understood as such. *Massey v. Helman,* 196 F.3d 727, 735 (7th Cir. 1999).

alleged to have had personal involvement in the mistreatment of the plaintiff. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009)(because "vicarious liability is inapplicable to *Bivens* . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Without such an allegation, there can be no recovery. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . .").

- The single allegation against Lt. Brace, Lt. McPhearson, Officer Wheeler, Officer Booker and Officer Iacinio is that they are "personally responsible for putting me in harms way." This allegation fails to allege facts sufficient to raise a right to relief above the speculative level. Accordingly, claims against Lt. Brace, Lt. McPhearson, Officer Wheeler, Officer Booker and Officer Iacinio are dismissed for failure to state a claim upon which relief can be granted.

No partial final judgment shall issue at this time as to the claims resolved in this Entry.

### III.

This action shall proceed against defendants Warden Lockett, Warden Marberry, Assistant Warden Church, Captain Joiner, and Officer Cox (FCI).

The clerk is designated, pursuant to *Fed. R. Civ. P.* 4(c)(2), to issue process to defendants Warden Lockett, Warden Marberry, Assistant Warden Church, Captain Joiner, and Officer Cox (FCI).  Process shall consist of a summons. **Personal service is required.** The Marshal for this District or his Deputy shall serve the summons, together with a copy of the complaint filed on May 24, 2011, the supplement filed on June 3, 2011, and a copy of this Entry, on the designated defendants and on the officials designated pursuant to *Fed. R. Civ. P.* 4(i)(2), at the expense of the United States.

**IT IS SO ORDERED.**

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Date: __10/19/2012_____

Note to Clerk: Processing this document requires actions in addition to docketing and distribution.

**Distribution:**

**United States Marshal**
**46 East Ohio Street**
**179 U.S. Courthouse**
**Indianapolis, IN 46204**

**Guillermo Rivera**
**01403-027**
**Coleman I USP**
**Inmate Mail/Parcels**
**P.O. Box 1033**
**Coleman, FL 33521**