UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| GUILLERMO RIVERA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | 2:11-cv-00142-JMS-DKL |
| WARDEN LOCKETT, | ) | |
| EX-WARDEN MARBERRY, | ) | |
| ASST. WARDEN CHURCH, and | ) | |
| CAPT. JOYNER, | ) | |
| Defendants. | ) | |
| | ) | |

# ENTRY DISCUSSING RETALIATION CLAIM

## I.
### BACKGROUND

Presently pending before the Court is the Individual Defendants' Motion to Dismiss Claims, or in the Alternative, Motion for Summary Judgment. [Dkt. 47.] In an earlier entry, the Court partially granted the motion in favor of Defendants on one of the pending claims, arising from what the Court termed the "the cuff port incident." The Court found that Plaintiff Guillermo Rivera ("Mr. Rivera") failed to exhaust his administrative remedies with respect to that claim. [*See* dkt. 62 (Entry Discussing Motion for Summary Judgment as to Claim Based on the Cuff Port Incident).][1]

In addition to the cuff port claim, Mr. Rivera also asserted a claim that he was retaliated against for grieving the cuff port incident and for complaining about it to the

---

[1] The individual Defendants did not assert the defense of failure to exhaust with respect to the retaliation claim, only the cuff port incident.

1

Federal Bureau of Investigation ("FBI") and the United States Attorney General. The Complaint states:

> The plaintiff filed a complaint using the Bureau of Prison Administrative Remedy Procedure, which is the only recourse available to all inmates. My filing was rubber stamped at every level and the Bureau of Prison gave me written notice stating that the incident would be investigated. One year later, there was no such investigation and the matter was swept under the carpet and forgotten.
>
> Because assault and battery is a criminal offense in every corner of the United States of America; the plaintiffs pursued further action by contacting the FBI, in Indianapolis, and Eric Holder, U.S. Attorney General, by regular mail marked legal mail. This was done in April 2010. Shortly after filing my letters the administration began a campaign of harassment techniques, sanctioned by Warden Marberry, and carried out by A.W. Church, in retaliation for contacting the FBI and U.S. Attorney General.
>
> The Plaintiff has been placed in Special Housing [(the "SHU")] in retribution for nearly 2 years; I've been threaten (sic) with bodily harm and that they would put weapons in my personal property in order to charge me with possession; I've been searched repeatedly in public as a way to humiliate; at one point, I was groped/fondled, in front of many inmates, this was done to provoke me; when I filed against Mr. Church for groping me, Captain Joiner (sic), attempted to persuade me to drop my complaint, or else; this took place June, 2010, when I did not, the situation was turned against me, and I was placed in [the SHU]. As recently as May, 2011, I was packed in the SHU, 24 hour lock down, for an unrelated issue, while here, I've been held in four point restraint system/freezing room, for 17 hours: No water or toilet, no food, no clothing, totally Abu Grave (sic) treatment. This retaliation is condoned by the new Warden, Mr. Lockett, with no relief in sight.

[Dkt. 1 at 3.] After screening pursuant to 28 U.S.C. § 1915A, the retaliation claim was allowed to proceed against Defendants Marberry, Church, Joyner, and Lockett.

In the instant motion, all Defendants assert that Mr. Rivera's Complaint fails to state a cognizable claim for retaliation. Warden Marberry and Warden Lockett also move for summary judgment, asserting that Mr. Rivera cannot and has not established that they have the requisite level of personal involvement to subject them to liability in this *Bivens*

claim. *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 38 (1971). The Court will address the arguments in turn.

## II.
### MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

### A. Standard of Review

In a very recent decision, the Seventh Circuit discussed anew the standard of review on a motion to dismiss for failure to state a claim:

> To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Factual allegations are accepted as true at the pleading stage, but "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *McReynolds v. Merrill Lynch & Co., Inc.,* 694 F.3d 873, 885 (7th Cir. 2012) (citing *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly,* 550 U.S. at 557, 127 S.Ct. 1955) (internal quotation marks omitted).

*Adams v. City of Indianapolis* 742 F.3d 720, 728 (7th Cir. 2014). The Court in *Adams* further noted that although putting a defendant on notice of a claim is still required in a complaint, notice itself will not carry the day. While "it is necessary to give the defendants notice of the claims against them,…giving the defendants notice is [not] sufficient to state a claim." *Id.* at 729.

### B. Retaliation Claim

The Defendants assert that Mr. Rivera's Complaint fails to state a cognizable claim for retaliation. Mr. Rivera's only response to their argument is that Defendants'

3

argument contravenes this Court's screening order, which permitted the retaliation claim to proceed, [dkt. 59 at 2, ¶ 2]. He does not address the specific arguments made by the Defendants. Defendants assert his sparse response amounts to a waiver of his retaliation claim, but as he did address it, however briefly, the Court rejects the waiver argument. Defendants also rely heavily on the fact that Mr. Rivera filed a similar – but not identical – retaliation claim against the Department of Justice and the Bureau of Prisons in the United States District Court for the District of Columbia, which was dismissed on the Defendants' motion as failing to state a claim.

The requisite elements of a retaliation claim will inform the Court's inquiry. "Prisoners' grievances, unless frivolous, concerning the conditions in which they are being confined are deemed petitions for redress of grievances and thus are protected by the First Amendment." *Hasan v. U.S. Dept. of Labor*, 400 F.3d 1001, 1005 (7th Cir. 2005) (internal citation omitted). To state a First Amendment retaliation claim, a plaintiff must allege that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) a causal connection existed between the two. *Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010); *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

Here, Mr. Rivera's Complaint contains a mixture of factual matter and conclusions. Factually, he describes the specific protected activity, and in the cases of Captain Joyner and Assistant Warden Church, a specific deprivation. However, with respect to the element of causation, he does no more than state the conclusion that the actions were performed "in retaliation" for grieving the cuff port incident and for contacting the FBI and the U.S. Attorney General.

4

This allegation is the precise form of "recital of an element of a cause of action" or "conclusory statement" declared to be insufficient in *Iqbal* and *Adams*. The Court is also mindful of the ruling of the United States District Court for the District of Columbia in the case Mr. Rivera filed against the United States Department of Justice and other defendants. *Rivera v. Dep't of Justice, et al.*, 2013 WL 1285145 (D.D.C. 2013). The court there likewise found the complaint inadequate on the element of causation. The Defendants' motion to dismiss is well taken, and the claim will be dismissed.

## III.
### MOTION FOR SUMMARY JUDGMENT

**A. Standard of Review**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). As the current version of Rule 56 makes clear, whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Johnson v. Cambridge Indus.*, 325 F.3d 892, 901 (7th Cir. 2003). The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has "repeatedly assured the district courts that they are not required to scour every inch of the record for evidence that is potentially relevant to the summary judgment motion before them," *Johnson*, 325 F.3d at 898. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Ponsetti v. GE Pension Plan*, 614 F.3d 684, 691 (7th Cir. 2010).

Here Mr. Rivera has wholly failed to submit any admissible evidence in opposition to the wardens' motion as required by Rule 56. Accordingly, although the assertions of fact submitted by Warden Marberry and Warden Lockett are admitted as true due to Mr. Rivera's failure to present admissible evidence, the Court will consider them in accordance with the foregoing standards.

**B. Undisputed Facts**

The facts supported by admissible evidence in the record establish:

Warden Marberry is currently employed as the Regional Director of the Bureau of

Prisons' southeast Regional Office. [Dkt. 47-2, at 1, ¶ 1.] Prior to becoming the Regional Director, she was the Complex Warden at the FCC Terre Haute beginning in January 2008. [*Id.*] As Complex Warden at FCC Terre Haute, Indiana, Warden Marberry's duties included directing staff in a wide variety of professional and occupational functions which were necessary to provide for the care, custody, convalescence, programming, and treatment of inmates. [*Id.* at 1-2, ¶ 2.] Further, she oversaw staff functions relevant to the operation and maintenance of the facilities, as well as the administrative, business, fiscal/personnel services, and property management. [*Id.*] Her duties also included exercising responsibility for the administrative and organizational control over several major functions. [*Id.*] These functions include ensuring the provision of staff, facilities, supplies and equipment for incarceration, physical necessities, and correctional and rehabilitative treatment of inmates, as well as medical and psychiatric diagnoses, treatment and hospital facilities for inmates. [*Id.*] These functions were accomplished by exercising administrative direction over associate wardens, camp administrators, and institution department heads who deal more directly with the staff members and inmates. [*Id.*] Warden Marberry's duties were supervisory in nature. [*Id.* at 2-3, ¶ 3.] She did not have a direct role in the day-to-day operations of the SHU or in the day-to-day monitoring of staff pat searches of inmates. [*Id.*] She did not personally assign inmates to cells, nor did she personally investigate each inmate request for information, including any administrative remedy requests filed by Mr. Rivera. [*Id.*] Warden Marberry did not personally place Mr. Rivera in the SHU, nor did she participate in, or cover up, the abusive conduct Mr. Rivera alleges. [*Id.* at 2-4, ¶¶ 3-6.]

Warden Lockett is currently employed as the Warden of Coleman II United States

Penitentiary at the Federal Correctional Complex, Coleman, Florida. [Dkt. 47-3 at 1, ¶ 1.] Prior to becoming the Complex Warden at FCC Coleman, he was the Warden of the FCC Terre Haute, Indiana. [*Id.*] As Complex Warden at FCC Terre Haute, Indiana, Warden Lockett's duties included directing staff in a wide variety of professional and occupational functions which were necessary to provide for the care, custody, convalescence, programming, and treatment of inmates. [*Id.* at 1-2, ¶ 2.] Further, he oversaw staff functions relevant to the operation and maintenance of the facilities, as well as the administrative, business, fiscal/personnel services, and property management. [*Id.*] His duties also included exercising responsibility for the administrative and organizational control over several major functions. [*Id.*] These functions include ensuring the provision of staff, facilities, supplies and equipment for incarceration, physical necessities, correctional and rehabilitative treatment of inmates, as well as medical and psychiatric diagnoses, treatment, and hospital facilities for inmates. [*Id.*] These functions were accomplished by exercising administrative direction over associate wardens, camp administrators, and institution department heads who deal more directly with the staff members and inmates. [*Id.*] Warden Lockett's duties were supervisory in nature. [*Id.* at 2-3, ¶ 3.] He did not have a direct role in the day-to-day operations of the SHU or in the day-to-day monitoring of staff pat searches of inmates. [*Id.*] He did not personally assign inmates to cells, nor did he personally investigate each inmate request for information, including any administrative remedy requests filed by Mr. Rivera. [*Id.*] Warden Lockett did not personally place Mr. Rivera in the SHU, nor did he participate in, or cover up, the abusive conduct Mr. Rivera alleges. [*Id.* at 2-5, ¶¶ 3-6.]

## C. Discussion

As an alternative argument to the Motion to Dismiss, Wardens Mayberry and Lockett argue that they are entitled to judgment because they were not personally involved in any of the specific acts about which Mr. Rivera complains. As noted, Mr. Rivera presents a *Bivens* claim. "[L]iability under a *Bivens*-like remedy is personal." *Vance v. Rumsfeld,* 701 F.3d 193, 203 (7th Cir. 2012) (citing *Ashcroft,* 556 U.S. at 676-77). "Knowledge of a subordinate's misconduct is not enough for liability. The supervisor can be liable only if he wants the unconstitutional or illegal conduct to occur." *Id*.

This bedrock principle dooms Mr. Rivera's Complaint against the Wardens. The Seventh Circuit has in the past looked with skepticism on claims that wardens ordinarily possess sufficient personal involvement for constitutional liability to attach. *Duncan v. Duckworth*, 644 F.2d 653, 656 (7th Cir. 1981) ("It is doubtful that a prison warden would be directly involved in the day-to-day operation of the prison…such that he would have personally participated in, or have knowledge of, the kinds of decisions that led to [the constitutional violation]."). Such skepticism is warranted here.

The record before the Court is wholly devoid of any evidence that either Warden had personal involvement in the action complained about. There is no evidence that either "wanted" the alleged acts to occur. To the contrary, the evidence establishes that neither Warden knew about the alleged conduct, facilitated it, approved it, condoned it, or ignored it. Accordingly, Warden Marberry and Warden Lockett are entitled to judgment in their favor.

## IV. CONCLUSION

Consistent with the foregoing the Court hereby **GRANTS** Defendants' Motion to Dismiss Claims, or in the Alternative, Motion for Summary Judgment, [dkt. 47]. Summary Judgment is **GRANTED** in favor of Defendants Marberry and Lockett. The remaining allegations are dismissed for failure to state a claim. Judgment consistent with these rulings and with the resolution of the cuff port claim in the Entry of March 12, 2014, shall now issue.[2]

03/18/2014

*Jane Magnus-Stinson*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

GUILLERMO RIVERA
01403-027
MARIANNA - FCI
MARIANNA FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 7007
MARIANNA, FL 32447

Debra G. Richards
UNITED STATES ATTORNEY'S OFFICE
debra.richards@usdoj.gov

---

[2] Three minor adjustments shall be made in the caption and on the docket in conjunction with the entry of final judgment. First, defendant Malberry's last name shall be corrected to be spelled "Marberry." Second, defendant Joiner's last name shall be corrected to be spelled "Joyner." Third, Officer Cox shall be added as a defendant on the docket and in the caption.